## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| IN RE: BERLING GIL RIVERA, | ) | HONORABLE BARBARA ELLIS-MONRO |
| | ) | |
| Debtor. | ) | |

---

| | | |
|---|---|---|
| COLUMBUS FINANCE COMPANY, | ) | CONTESTED MATTER IN A |
| ITS SUCCESSORS AND/OR ASSIGNS, | ) | CHAPTER 13 PROCEEDING |
| | ) | |
| Movant, | ) | CASE NUMBER R19-42895-BEM |
| | ) | |
| vs. | ) | |
| | ) | |
| BERLING GIL RIVERA AND MARY | ) | |
| IDA TOWNSON (CHAPTER 13 | ) | |
| TRUSTEE), | ) | |
| | ) | |
| Respondents/Debtor. | ) | |

### OBJECTION TO CONFIRMATION
### OF DEBTOR'S CHAPTER 13 PLAN AS PROPOSED

COMES NOW, Movant in the above-styled matter by and through its counsel, and respectfully submits its Objection to Confirmation of Debtor's Chapter 13 Plan as proposed pursuant to 11 U.S.C. §§ 362(d)(1), 502(a), 506(a), 1322, 1325(a)(5)(B)(i), 1325(a)(5)(B)(ii), 1325(a)(5)(B)(iii) and 1325(a)(5)(C), as follows:

**1.**

The above-styled Chapter 13 case was filed on or about December 13, 2019.

**2.**

Movant has a perfected security interest in a 2002 Nissan XTerra with a total net Proof of Claim in the amount of $1,056.96, a lien on personal property pledged that is not considered subject to the lien avoidance provisions of 11 U.S.C. § 522 as specifically defined under the provisions of

-1-

11 U.S.C. § 522(f)(4). Evidence of Movant's perfected security interest in the aforesaid collateral is attached to its Proof of Claim filed in the instant case incorporated herein by reference herein as though fully set out herein.

3.

Respondents/Debtor's Chapter 13 Plan fails to propose: the funding of Movant's Proof of Claim as secured for the value of Movant's non-avoidable lien on the aforesaid collateral securing its Proof of Claim, being $1,056.96; present value rate interest of five point two five percent (5.25%); and, minimum adequate protection and ongoing payments of $20.00 per month.

4.

Movant proffers that it is entitled to have its net Proof of Claim in the amount of $1,056.96, funded as secured to the value of the non-avoidable collateral, being $1,056.96; funded at present value interest at a monthly payment to provide adequate protection and its funding during the instant Chapter 13 Plan in accordance with the intent and provisions of 11 U.S.C. §§ 362(d)(1), 502(a), 506(a), 1322, 1325(a)(5)(B)(i), 1325(a)(5)(B)(ii), 1325(a)(5)(B)(iii) and 1325(a)(5)(C).

5.

The aforesaid collateral has not been surrendered to Movant; and, Movant will not be adequately protected as a secured creditor as required by the aforesaid provisions of the bankruptcy Code through Debtor's Chapter 13 Plan, as proposed, on Movant's lien secured by personal property that is not considered subject to the lien avoidance provisions of 11 U.S.C. § 522.

6.

Movant proffers that its Proof of Claim in the amount of $1,056.96 should be allowed and funded as secured to the current value of its perfected lien on collateral that is not considered

-2-

subject to the lien avoidance provisions of 11 U.S.C. § 522, said amount being at least $1,056.96 when considering the customary use and depreciation rate for collateral of this nature, and monthly payments in the minimum amount of $20.00 with present value interest of 5.25%, due to the collateral being retained by Respondent/Debtor and depreciating without affording adequate protection to Movant, in accordance with the intent and provisions of 11 U.S.C. §§ 362(d)(1), 502(a), 506(a), 1322, 1325(a)(5)(B)(i), 1325(a)(5)(B)(ii), 1325(a)(5)(B)(iii) and 1325(a)(5)(C); or, that the collateral be surrendered to Movant.

**WHEREFORE, Movant respectfully prays:**

(a)  that the value of its lien secured by the collateral that is being retained and deteriorated through customary usage and is not considered subject to the lien avoidance provisions of 11 U.S.C. § 522, be funded as secured to the value of its lien on Respondent/Debtor's pledged collateral that Movant's underlying lien is not considered  subject to the lien avoidance provisions of 11 U.S.C. § 522 through the Chapter 13 Plan with present value interest included thereto at 5.25% to be funded at a minimum monthly payment of $20.00 to ensure Movant receives adequate protection during the term of the Chapter 13 Plan as afforded by the terms and provisions of 11 U.S.C. §§ 362(d)(1), 502(a), 506(a), 1322, 1325(a)(5)(B)(i), 1325(a)(5)(B)(ii), 1325(a)(5)(B)(iii) and 1325(a)(5)(C), for the non-surrendered, non-avoidable lien on collateral that is not  subject to the lien avoidance provisions of 11 U.S.C. § 522; or,

(b) that confirmation of the Chapter 13 Plan, as proposed, be denied, pursuant to 11 U.S.C. §§ 362(d)(1), 502(a), 506(a), 1322, 1325(a)(5)(B)(i), 1325(a)(5)(B)(ii), 1325(a)(5)(B)(iii) and 1325(a)(5)(C) unless amended/modified to provide Movant's Proof of Claim secured to the value of its lien secured by the collateral that Movant's underlying lien is not considered subject to the lien avoidance provisions of 11 U.S.C. § 522 as specifically defined under the provisions of 11 U.S.C. § 522(f)(4) and for monthly adequate protection and future payments in addition to present value interest; and,

(c) that the Court grant any further relief it deems mete and proper.

Respectfully submitted this 18th day of February, 2020.

        s/ Betty Nappier_____
        Betty Nappier, Esquire
        Counsel for Movant – Calhoun Branch
        GA Bar No. 534675
        Post Office Box 2823
        Cumming, Georgia 30028-2823
        (770) 529-9371, facsimile (770) 947-5371
        banappier@ gmail.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| **IN RE: BERLING GIL RIVERA,** | ) | **HONORABLE BARBARA ELLIS-MONRO** |
| | ) | |
| **Debtor.** | ) | |
| ----------------------------------- | --- | ------------------------------------ |
| **COLUMBUS FINANCE COMPANY,** | ) | **CONTESTED MATTER IN A** |
| **ITS SUCCESSORS AND/OR ASSIGNS,** | ) | **CHAPTER 13 PROCEEDING** |
| | ) | |
| **Movant,** | ) | **CASE NUMBER R19-42895-BEM** |
| | ) | |
| vs. | ) | |
| | ) | |
| **BERLING GIL RIVERA AND MARY** | ) | |
| **IDA TOWNSON (CHAPTER 13** | ) | |
| **TRUSTEE),** | ) | |
| | ) | |
| **Respondents/Debtor.** | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is over the age of (18) eighteen years old and has placed a conformed copy of the foregoing Objection to Confirmation of Debtor's Chapter 13 Plan, as Proposed, in the United States Mail with adequate postage affixed thereon and addressed as follows:

| | | |
|---|---|---|
| **Berling Gil Rivera** | **Dan Saeger, Esquire** | **Mary Ida Townson** |
| **107 Newton Road NE** | **Saeger & Associates, LLC** | **Chapter 13 Trustee** |
| **Apartment 19** | **Counsel for Debtor** | **(Via electronic notice)** |
| **Calhoun, Georgia 30701-5705** | **Suite D** | **Suite 1600** |
| | **706 Thornton Avenue** | **285 Peachtree Center Avenue, NE** |
| | **Dalton, Georgia 30720** | **Atlanta, Georgia 30303** |

This 18th day of February, 2020.

                                                        **s/ Betty Nappier**_____
                                                        **Betty Nappier, Esquire, Counsel for Movant**
                                                        **GA Bar No. 534675**
                                                        **Post Office Box 2823**
                                                        **Cumming, Georgia 30028-2823**
                                                        **(770) 529-9371, facsimile (770) 947-5371**
                                                        **banappier@ gmail.com**